IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RUBEN M. GUTIERREZ, | ) | |
| | ) | |
| Petitioner, | ) | No. 08 C 5135 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Ruben M. Gutierrez initially filed a pro se Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. §2255,[1] seeking to vacate his sentence. He based this motion on two grounds: first, he claimed to have new evidence, not introduced at trial or on appeal, that his arrest was predicated upon a nonconsensual — and therefore illegal — search of his person; and second, that his sixth amendment right was violated by his attorney's failure to present the argument of the illegal search at trial and on appeal. The government moves to dismiss petitioner's motion as time-barred pursuant to 28 U.S.C. §2255(f)(1),[2] or alternatively, requests that petitioner's motion be

---

[1] 28 U.S.C. §2255 provides, in relevant part:

**(a)** A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

[2] 28 U.S.C. §2255(f)(1) provides:

**(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of…the date on which the judgment of conviction becomes final[.]

denied on the merits. For the reasons discussed below, respondent's motion is granted, and petitioner's motion is denied.

## BACKGROUND

Petitioner is currently incarcerated in FCI Fairton, in Fairton, New Jersey. On December 12, 2005, petitioner was found guilty of one count of knowingly and intentionally possessing with the intent to distribute a controlled substance, cocaine, a Schedule II Narcotic Drug Controlled Substance, in violation of 21 U.S.C. §841(a)(1). Before his trial petitioner filed a motion to suppress, arguing that the cocaine the agents found was obtained as a result of a nonconsensual, illegal search and seizure. Following his conviction, he filed a timely appeal, challenging the legality of the searches and this court's denial of his motion to suppress. On March 7, 2007, the Seventh Circuit affirmed the ruling of this court, thereby denying petitioner's arguments on appeal. *United States v. Gutierrez*, 221 Fed. Appx. 446, 2007 WL 725776 (7th Cir. 2007). Petitioner claims that after this ruling he instructed his attorney to file a petition for a writ of certiorari to the Supreme Court of the United States, which his attorney apparently did not do.

## DISCUSSION

*Timeliness*

The Government moves to dismiss petitioner's motion as time-barred. Based on the language of the statute, the one-year limitations period begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. §2255. In *Clay v. U.S.*, 537 U.S. 522 (2003), the Supreme Court held that a petitioner's conviction — if he does not file a petition for writ of certiorari — becomes final when the limitations period to file the petition lapses. A party has

ninety days after the entry of the court of appeals judgment to file the petition. Id.; U.S.Sup.Ct. Rule 13. Therefore, the §2255 limitations period began running on June 7, 2007, giving petitioner until June 8, 2008 to file a timely motion to vacate.

Petitioner's motion, however, was filed on September 8, 2008, three months after the statutorily provided time limit for such a motion. This fact alone compels dismissal of petitioner's motion. Petitioner contends that the reasons for delay include: his belief that his attorney was filing a petition for a writ of certiorari to the Supreme Court of the United States, which his attorney did not; the difficulties of managing his case while incarcerated; and a subsequent heart attack, the medications for which, he claims, left him mentally incapacitated and unable to manage his case. Due to these circumstances, he asks that the court allow the limitations period to be equitably tolled.

The Seventh Circuit has addressed the issue of equitable tolling on a few occasions. On each occasion, it clearly stated that "[e]xtraordinary circumstances far beyond the litigant's control must have prevented timely filing." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). In *Marcello*, the petitioners filed their motion one day late, and subsequently cited several reasons as to why they should have received equitable tolling, such as the law being unclear and Marcello's attorney's father passing away two weeks prior to the deadline. These justifications notwithstanding, the Seventh Circuit rejected the notion that equitable tolling should apply. "[E]quitable tolling is granted sparingly….the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Id*. Thus, tolling is allowed only in very dire circumstances, and it has been continually rejected despite the claims of numerous petitioners citing the difficulty of case management while incarcerated, or the mistake

3

or incapacity of an attorney. *Id.*; *Modrowski v. Mote*, 322 F.3d 965, 967 (7th Cir. 2003). The court can dispense with petitioner's arguments that the failure of his attorney to file the writ of certiorari and the difficulties of incarceration warrant equitable tolling based on the rationales of *Modrowski* and *Marcello*. These hardships do not rise to the level necessary to permit equitable tolling.

In addition, petitioner's argument concerning his medical issues is not persuasive. Records provided to the court indicate that petitioner suffered his heart attack on or around January 14, 2008, some nine months after the judgment against him. The information sheets for the medications which he was prescribed indicate that none of the effects or side effects of the medications prescribed to petitioner would induce the sort of mental incapacity that petitioner claims in his argument for tolling to be applied. Nor does he supply or argue in his brief any information concerning the nature, duration, or extent of his incapacitation. Consequently, the court is unable to conclude that these medical issues justify the equitable tolling of the §2255 limitations period. Because petitioner cannot demonstrate any extraordinary circumstances that would convince this court to extend the one year limitations period, it must be considered untimely, and petitioner's motion must be denied.

*Likelihood of success on the merits*

Even if the court were to consider petitioner's motion despite its tardiness, petitioner brings no arguments or new evidence that would allow the motion to succeed on the merits. A motion brought pursuant to §2255 allows a prisoner to attack his sentence for various reasons, including that the sentencing court lacked jurisdiction, or the sentence was in excess of its maximum, or—due to reasons of justice—it is subject to collateral attack. Petitioner seeks to

4

have his sentence vacated for reasons of justice. He argues that he was denied his sixth amendment right to effective assistance of counsel because his attorneys at the trial and appellate levels did not raise the issue of an unlawful search and seizure, nor did his attorney file a petition for a writ of certiorari despite his request, effectively waiving his right to file the petition without his consent. He also argues that he has new evidence that allegedly was not provided in either his trial or appeal, in support of his claim that the court erroneously denied his motion to suppress. The government contends that the supposed "new evidence" is not new, but rather consists of documents that were part of the record in both the trial and appeal.

Petitioner's ineffective assistance of counsel arguments both come up short. To provide justification for his argument that his counsel was unconstitutionally ineffective at trial and on appeal, he argues that the issue of the illegal search and seizure was not raised. Although the issue was not raised in the trial court, however, it was raised on appeal. It was the first issue that the Seventh Circuit dealt with in its review of the case: "Gutierrez argues for the first time on appeal that his consent was tainted by the fact that the agents subjected him to an illegal detention….The government is correct that Gutierrez never raised the illegality of his detention in the district court, rendering this court's review for plain error." *United States v. Gutierrez*, 221 Fed. Appx. 446, 449 (7th Cir. 2007). The court of appeals reviewed the evidence of the illegal search and seizure for plain error, and found that petitioner, on that point, had not met his burden. In fact, the entire appeal focused on the issue of whether the various searches the agents engaged in upon Gutierrez's arrest were legal. Finding no error, the Seventh Circuit upheld his conviction. Thus, petitioner's claim that counsel was ineffective for not raising those issues is without merit.

5

So too is the ineffective counsel argument regarding the supposed petition for a writ of certiorari. In filing such a petition with the Supreme Court of the United States, a party has no right to counsel. They cannot, therefore, have a right to effective counsel. *Tyra v. U.S.*, 270 Fed. Appx. 410, 412 (7th Cir. 2008). "Since '[r]eview on a writ of certiorari is not a matter of right, but of judicial discretion,' … there is no right to counsel for filing a petition of certiorari." *Id.* (quoting Sup. Ct. R. 10 (2006)). A party must necessarily have a right to counsel before a right to effective counsel can be asserted: "[t]he constitutional right to effective assistance of counsel is a manifestation of the Sixth Amendment right to counsel: where the latter is not present, neither is the former." *Id.* Petitioner claims that due to the depravation of his Sixth Amendment right to effective counsel at that stage of his case, his sentence should be vacated; but because that right did not exist, this argument fails.

Finally, petitioner attempts to convince the court to re-examine the issue of the illegal search and seizure, citing new evidence which, petitioner argues, is dispositive of his motion. However, the evidence to which petitioner refers is not new. Rather, it consists of transcripts from petitioner's motion to suppress, which was heard before this court in 2005, and a copy of the government's motion *in limine*, which was filed in this court in November of 2005. Because this information has been part of the record since before the trial, it can not be treated as "new." That leaves petitioner's challenges to the search and seizures conducted during his arrest to stand alone. Consequently, it cannot be considered because it was already raised and rejected on direct appeal. The Seventh Circuit has made clear that issues that were raised on direct appeal cannot be raised in a §2255 motion unless there is new evidence or "changed circumstances." *Varela v.*

*United States*, 481 F.3d 932, 935 (7th Cir. 2007). Accordingly, these arguments will not be considered.

*Evidentiary Hearing*

An evidentiary hearing on petitioner's motion should be granted "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief…" 28 U.S.C. §2255(b). In the present case, petitioner's motion was not timely, but even if it were there is nothing in the record of the case that would suggest petitioner is entitled to relief. Therefore, there is no reason to conduct an evidentiary hearing.

## **CONCLUSION**

For the reasons discussed above, the Government's motion to dismiss is granted, and petitioner's §2255 motion to vacate is denied.

**ENTER:** **August 19, 2009**

_____
**Robert W. Gettleman
United States District Judge**